UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ESAW WRIGHT,  ET AL                              *
                                                 *  CIVIL ACTION NO.:  15-3544
VERSUS                                           *
                                                 *
SELECTIVE INSURANCE, ET AL               * SECTION:  L
                                                 *
                                                 * MAGISTRATE: WILKINSON
                                                 *

*******************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE TESTIMONY OF RICHARD BARATTA**

     NOW INTO COURT, through undersigned counsel, come Plaintiffs, Esaw Wright and

Derran Allen, who move this Court for an order excluding the testimony of Richard Baratta, a

purported accident reconstructionist and biomechanic expert hired by Defendants.

## I.    INTRODUCTION

     This litigation arises out of a car accident that occurred on November 7, 2014 in which

the Defendant, driving a tractor-trailer, while making an illegal lane change, side-swiped the

2006 Honda Accord being driven by Plaintiff, Esaw Wright, whose front-seat passenger was

Plaintiff Derran Allen. The wreck caused damage to the side of the Honda and snagged and

pulled off the Honda's rear bumper.  As a result of the impact, both plaintiffs, who were

previously in good health, sustained significant injuries to their spines and have undergone

treatment that their doctors relate to the November 7, 2014 accident.

     Defendants propose to introduce the testimony of Richard Baratta, who purportedly

performed a "limited" accident reconstruction in order to "reconstruct the dynamics of the

accident and to determine the motions and mechanisms that the occupants of the Honda would have undergone as a result of this accident in relation to the injuries they are claiming."[1] Dr. Baratta, who is not a medical doctor, opined that the biomechanics of the accident are such that the Plaintiffs could not have suffered significant spinal injuries. Dr. Baratta should be excluded from testifying at trial for a number of reasons.  First, Dr. Baratta's accident reconstruction and his opinions regarding the forces at play in accident are unreliable because they are based upon insufficient facts and data, considering he did not visit the accident scene, inspect either vehicle, or talk to any witnesses. Second, his biomechanical engineering opinions are unreliable because he did not account for the actual weights and speeds of the vehicles in this collision to formulate his conclusions, nor did he account for the lateral forces that would have impacted the Plaintiffs' spines as a result of the accident, instead only accounting for the downward compression force. Third, Dr. Baratta is an engineer, not a medical doctor, and therefore is not qualified to render medical causation opinions.  Dr. Baratta even testified during his deposition that his testimony is *often limited and excluded* by courts with respect to testimony regarding medical causation.[2] Fourth, Dr. Baratta's opinions regarding medical causation should be excluded because they will only serve to confuse, not assist the jury.  This Court has repeatedly determined, "in cases where there is a simple collision such as there was in this matter, 'the jury can assess credibility and make appropriate factual findings without the aid of any expert testimony.'" *Oaks v. Westfield Ins. Co.,* No. CIV.A. 13-1637, 2014 WL 198161, at *1-2 (E.D. La. Jan. 16, 2014) (quoting *Scineaux v. Empire Fire & Marine Ins. Co.,* No. CIV.A.03-2947, 2005 WL 2050281, at *1 (E.D. La. Aug. 9, 2005)).   Accordingly, for these reasons and those more fully stated herein, Plaintiffs' motion to exclude the testimony of Richard Baratta should be granted.

---

1 Ex. 1, Deposition of Richard Baratta, at 10; Ex. 2, August 11, 2016 Report of Richard Baratta, at 3.
2 Ex. 1, at 7-10.

## II.   LAW AND ARGUMENT

### A.   The standard for admissible expert testimony.

Article 702 of the Federal Rules of Civil Procedure provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if

(l) the testimony is based upon sufficient facts or data,

(2) the testimony is the product of reliable principles and methods, and

(3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) the United States Supreme Court offered guidance about whether proposed expert testimony involves "scientific knowledge" by suggesting four "general observations" for the trial court to consider:

(1) whether the theory or technique that is the subject of the proposed testimony "can be (and has been) tested"; (2) whether the theory or technique "has been subjected to peer review and publication"; (3) a technique's "known or potential rule of error"; and (4) whether there is "general acceptance" of a theory or technique within the relevant scientific community.

*Daubert*, 509 U.S. at 593-94.

Trial courts serve a gate keeping function to keep out expert testimony that is based solely on speculation or unsupported conclusions. *Daubert*, 509 U.S. at 589. Where the testimony's factual basis, data, principles, methods or their application are called sufficiently into question, the trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of the relevant discipline. *See Kumho Tire Co., Ltd. v. Carmichael*,

526 U.S. 137, 149. The overarching goal is to ensure that the expert's opinion is based on sufficient data and an appropriate methodology such that the opinion is connected to the facts by more than the conclusory assertions of the expert. *Kumho Tire*, 526 U.S. at 149.

Finally, as the Supreme Court recognized: "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it." *Daubert*, 509 U.S. at 595. Therefore, in assessing the admissibility of expert testimony, the court must also consider Fed. R. Evid. 403, permitting the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury ..." *See In re Air Disaster at Lockerbie*, 37 F.3d 804, 924 (2d Cir. 1994) (district court may "refuse to entertain expert testimony it thinks unhelpful, cumulative, confusing to the jury or more prejudicial than probative.").

> **B.**    **Dr. Baratta's "limited" reconstruction and his opinions regarding the force of impact are not based on sufficient facts or scientific analysis and are therefore unreliable.**

Dr. Baratta claims to have performed a "limited accident reconstruction in order to answer the questions I'm being asked."[3] Yet, he: (1) was not hired until more than a year and a half after the accident, (2) did not visit the crash scene, (3) did not speak to either driver or any witnesses, and (4) did not inspect either of the vehicles, and (5) did not take any measurements.[4] He did not perform any physical crash testing or crash reproduction using computer modeling.[5] Although Dr. Baratta claims to have calculated a "delta V" in this case, he admitted that he did not take into account the weights or speeds of the vehicles at issue in this crash when

---

3 Ex. 1, at 10.
4 Ex. 1 at 10, 14-15.
5 Ex. 1, at 15-16.

determining the forces undergone by Plaintiffs' vehicle in the crash.[6]  Moreover, he further admitted that his calculations only took into account the alleged forces undergone by the vehicle in which the Plaintiffs were travelling, not the forces undergone to the occupants themselves.[7]

Instead, Dr. Baratta testified that he simply looked at photographs of the vehicles involved in the accident and compared the damage to the vehicles to those in published literature.[8] Additionally, he "looked at" a Honda Accord that happened to be parked in the parking garage of his office building.[9] He does not know who owned the Honda or what model year it was.[10] He did not perform any testing, but instead looked underneath its bumper without permission of the owner to see the bumper mounting tabs and measured the thickness and size of the tabs. [25] Then, he looked at the mechanical properties of polyurethane, the material out of which the Honda's bumper cover is made, and concluded that the force involved in the accident was less than 0.3 g because that would be the force required to "make [the polyurethane] fail."[11]

Moreover, Dr. Baratta admitted that he did not account for all of the forces at issue in the crash when formulating his opinions. His opinions only account for compression force, which is the *downward* force exerted on the spine in the crash; he did not calculate any of the *lateral* forces that would have been exerted on the plaintiffs in the crash, such as the forces of bending, tension, flexion, sheer, tortion, or any others that would have been exerted upon the plaintiffs' spines in the accident. [12]

---

6 Ex. 1, at 23.
7 Ex. 1, at 10.
8 Ex. 1, at 11.
9 Ex. 1, at 24-25.
10 Ex. 1, at 25.
11 Ex. 1, at 23.
12 Ex. 1, at 19-23.

The Fifth Circuit, as well as this Court, have been very critical of such "experts" espousing dubious accident reconstruction and/or biomechanic opinions. In affirming a district court's exclusion of such an expert, the Fifth Circuit stated:

> The [district court] ascertained that [the witness] 1) had never conducted any studies or experiments in the field of accident reconstruction 2) did not take any measurements or collect any data from the accident scene in this case; 3) did not examine the tires or other mechanical parts involved in the accident; 4) based his calculations on publicly accessible data published by the National Highway Transportation Safety Administration; and, 5) was unable to show that his training or experience as a mechanical engineer gave him expertise in the field of accident reconstruction that was distinguishable from training received by other mechanical engineers. Based on all these facts, the court refused to qualify [the witness] as an expert witness and sustained the appellees' objection.

*Wilson v. Woods,* 163 F.3d 935, 937 (5th Cir. 1999).

This court has come to the same conclusion when faced with experts similar to Dr. Bratta on numerous occasions. In *Oaks v. Westfield Ins. Co.,* No. CIV.A. 13-1637, 2014 WL 198161, at *1-2 (E.D. La. Jan. 16, 2014), this Court granted Plaintiff's motion in limine to exclude the testimony of Defendants' accident reconstructionist/biomechanical/injury causation expert, holding that the expert's testimony was (a) unreliable, (b) beyond the expert witnesses' expertise, and (c) unhelpful to the trier of fact.   The court found that his opinions were based upon insufficient facts and data because he did not inspect the actual vehicles involved in the collision at issue and did not reconstruct the exact accident at issue, instead relying on previous testing on different vehicles. *Id*. at 2. Further, the expert's testing assumed certain facts as to the angle of impact, etc. *Id*.

In *Scineaux v. Empire Fire & Marine Ins. Co.,* No. CIV.A.03-2947, 2005 WL 2050281, at *1 (E.D. La. Aug. 9, 2005), this Court unilaterally exercised its gate-keeping function to strike

four liability experts (one trucking expert, two accident reconstructionists, and one biomechanical expert). The Court found that:

> the proposed 'expert' testimony is not necessary to assist the jury in understanding the evidence or determining any fact in issue. The primary issue in this case will be one of credibility…with regard to the proposed "biomechanical" expert testimony, the court finds that it lacks sufficient reliability because the expert has failed to conduct any testing, has failed to inspect the vehicles involved, has failed to demonstrate that the proposed opinion is based on reasoning or methodology that is scientifically valid, or that it has been peer reviewed.

Likewise, in a very recent opinion issued by Judge Barbier, an expert significantly more qualified than Dr. Baratta (he held an engineering degree as well as a medical doctor license), and one who performed actual testing to support his conclusions, was excluded as not being sufficiently reliable for him to properly opine on the nature of the collision or medical causation. *See Brown v. Regions Insurance, Inc. et al*, Case No. 14-813, Doc. No. 66 (E.D. LA  Sept. 8, 2016).

Dr. Baratta's "limited" accident reconstruction is insufficient to qualify as legitimate or helpful to the jury, since he did not actually inspect either car or perform calculations related to weights and speeds of the cars that were in the subject accident, instead relying upon previously performed studies regarding wrecks involving different cars under different circumstances. He also admittedly did not take into account all of the different types of forces at work in the impact. His "conclusions" are therefore suspect, unreliable, and of virtually no legitimate scientific value.

**C.**   **Dr. Baratta is not qualified to testify regarding causation of Plaintiffs' injuries.**

Dr. Baratta is not a medical doctor.[13]  He has never been licensed to practice medicine, and he does not render medical care. Despite this lack of qualification, Dr. Baratta proposes to

---

13 Ex. 1, at 5.

testify beyond his area of engineering experience and into the "cause" of Plaintiffs' injuries.[14] Dr. Baratta seeks to offer opinions that the forces experienced in the collision were not sufficient to cause spinal injury or acute disruptions of the intervertebral.[15]

The issue regarding the qualifications of an engineer to render medical causation opinions also came up before this Court in the cases discussed above, *Oaks v. Westfield Ins. Co.,* No. CIV.A. 13-1637, 2014 WL 198161, at *1-2 (E.D. La. Jan. 16, 2014) and *Brown v. Regions Insurance, Inc. et al*, Case No. 14-813, Doc. No. 66 (E.D. LA  Sept. 8, 2016).  In addition to finding that his conclusions were based upon insufficient data, the *Oaks* Court also found in that case that Dr. Harding's opinions spoke to matters beyond his expertise when he opined that the force of the impact could not have caused Plaintiff's injuries. The Court held that Dr. Harding was not qualified to testify about Plaintiff's medical condition because he was not licensed to practice medicine and he did not perform a medical examination on Plaintiff (nor could he have, as he was unqualified to do so). Moreover, the Court added:

> Dr. Harding's opinion will not assist the trier of fact in any way, but rather will likely confuse the jury or cloud its common sense fact-finding role. *See, U.S. v. Wiley,* 57 F.3d 1374, 1389 (5th Cir., 1995) (generally, expert testimony is unhelpful if it supplants the "jury's independent exercise of common sense.") (internal citation omitted). As this Court has previously held when determining the admissibility of expert testimony, in cases where there is a simple collision such as there was in this matter, "[t]he jury can assess credibility and make appropriate factual findings without the aid of any expert testimony ." *Scineaux v. Empire Fire and Marine Ins. Co.,* No. 03–2947, 2005 WL 2050281 *2 (E.D.La., Aug. 9, 2005) (Barbier, J.) (excluding four experts in a "simple vehicular accident" because the primary issue would be credibility and the jury should be allowed to determine if plaintiff's or defendant's rendition of the accident was more plausible).

---

14 Ex. 2, Dr. Baratta's Report, at 4.
15 Ex. 2, at 4.

In the *Brown* matter, despite the fact that purported expert Dr. Lars Reinhart *was* a medical doctor, the Court likewise determined that his opinions regarding medical causation were unreliable because he did not physically examine the plaintiffs or review the plaintiffs' imaging studies. *See Brown*, Doc. 66, at 9.

Dr. Baratta is simply not qualified to render an opinion (whether couched in "biomechanics" or "injury causation") regarding Plaintiffs' spinal injuries.  Dr. Baratta even admitted in his deposition that his testimony with regard to medical causation was *often* limited, and even excluded on multiple occasions, stating: "it does happen fairly often that when my opinions are thought to fall into the medical realm then generally the judges will say that I cannot provide medical opinions, which I am okay with."[16] Dr. Baratta's proposed testimony should be excluded for this reason.

## IV.  **CONCLUSION**

For the foregoing reasons, the Court should follow the precedent as set forth in the *Oaks* case and exclude the testimony of Richard Baratta.

---

[16] Ex. 1, at 16.

Respectfully submitted,

**HUBER, SLACK, THOMAS**
**& MARCELLE, LLP**

*s/Stephen M. Huber*
STEPHEN M. HUBER, BAR NO. 24463
BRIAN P. MARCELLE, BAR NO. 25156
GINA M. PALERMO,  BAR NO. 33307
1100 Poydras Street, Suite 2200
New Orleans, LA 70163
Telephone: (504) 274-2500
Facsimile: (504) 910-0838
Stephen@huberslack.com
Bmarcelle @huberslack.com
       and

**EDWARD J. WOMAC, JR. #02195**
**DOUGLAS J. WOMAC, JR., # 31570**
**EDWARD J. WOMAC, JR. & ASSOC., L.L.C.**
3501 Canal Street
New Orleans, LA 70119
Telephone: (504) 486-9999
Facsimile: (504) 488-4178

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on September 13, 2016, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record.

     *s/Stephen M. Huber*